UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| BROCK MCKENZIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25 CV 150 |
| | ) | |
| CITY OF MONTICELLO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

This matter is before the court on defendant Monticello Police Department's

unopposed motion to dismiss. (DE # 15.) For the reasons set forth below, the motion

will be granted.

## I.    BACKGROUND

Plaintiff Brock McKenzie brought this civil rights action against defendants

Monticello Police Department, the City of Monticello, and the White County Sheriff's

Department, alleging various state law torts and violations of his constitutional rights,

allegedly committed during a traffic stop. (DE # 6.) The Monticello Police Department

now moves for dismissal, on the basis that municipal police departments are not suable

entities under Indiana law. Plaintiff did not file a response to the motion to dismiss and

the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d).

## II.    LEGAL STANDARD

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure

12(b)(6), for failure to state a claim upon which relief may be granted. A judge

reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.    DISCUSSION

The Monticello Police Department is correct that Indiana's municipal police departments are not suable entities. While local governmental entities may be subject to suit for constitutional violations under *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658 (1978), "local government liability under § 1983 'is dependent on an analysis of state law.'" *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting *McMillian v. Monroe Cty.*, 520 U.S. 781, 786 (1997)). "[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Id.*

2

at 300. "The 'department' of a city is merely a vehicle through which government fulfills its policy functions and is not a governmental entity unto itself. . . . And a non-existent entity cannot be sued or brought into court by summons or otherwise." *City of Peru v. Lewis*, 950 N.E.2d 1, 4 (Ind. Ct. App. 2011); *see also Best v. City of Portland*, 554 F.3d 698, 698 (7th Cir. 2009) ("[A] police department is not a suable entity under § 1983."); *Hounshel v. Bade*, 2024 WL 1908120, at *2 (S.D. Ind. May 1, 2024) ("This Court has consistently dismissed claims against Indiana municipal police departments at the pleadings stage because municipal police departments are not suable under Indiana law."). Accordingly, the Monticello Police Department must be dismissed from this case.

## IV.    CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant Monticello Police Department's motion to dismiss. (DE # 15.)

**SO ORDERED.**

Date: December 3, 2025

   s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT