**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| BROCK McKENZIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-150-JTM-AZ |
| | ) | |
| CITY OF MONTICELLO, and WHITE | ) | |
| COUNTY SHERRIFF'S DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C) AND LOCAL RULE 72-1**

This matter is before the Court on Defendants' Joint Motion for Dismissal [DE 33], filed on March 19, 2026. Defendants are asking that this case be dismissed because of Plaintiff's failure to respond to discovery in this case despite multiple extensions and Court Orders to do so. Plaintiff has not filed any response to the motion and the time to do so has passed. *See* N.D. Ind. L.R. 7-1(d).

This Report constitutes the Court's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that District Court James T. Moody grant Defendants' Joint Motion for Dismissal [DE 33] as a sanction for Plaintiff's failure to respond to discovery or prosecute this case.

**Background**

This is a civil rights lawsuit in which Plaintiff Brock McKenzie alleges state law tort claims and violations of his constitutional rights allegedly committed during

a traffic stop. Plaintiff filed this lawsuit on March 8, 2025 in state court, and it was removed by Defendants on April 1, 2025. *See* DE 1, 6. While some Defendants answered the complaint, on June 2, 2025, then-Defendant Monticello Police Department moved to dismiss on the grounds that under Indiana law, it was not a proper party and could not be held liable. *See* DE 16.

On August 22, 2025, the Court held a Rule 16 Preliminary Scheduling Conference and set a timeline for timely completion of discovery in the case. On December 3, 2025, after Plaintiff filed no response to the motion to dismiss, the Court dismissed the Monticello Police Department as a defendant. DE 25. Between the Rule 16 Preliminary Scheduling Conference and the ruling on the motion to dismiss, the other two Defendants in the case, the City of Monticello and White County Sheriff's Department, served written discovery on Plaintiff. Specifically, Defendant the City of Monticello served interrogatories, requests for production and requests for admission on September 11, 2025, and Defendant White County Sheriff's Department served interrogatories and requests for production on October 7, 2025. *See* DE 26-2, DE 26-3. Plaintiff did not respond to any of this written discovery within the time limits prescribed by the Federal Rules of Civil Procedure. On December 11, 2025, counsel for all parties had a telephone conference in which Plaintiff's counsel represented that she had been unable to communicate with her client and that was the reason for the failure to respond to discovery. DE 26 at 2. The parties agreed Plaintiff would have until December 18, 2025 to respond to the written discovery. *Id.* Thereafter,

Defendants filed a motion requesting a status conference with the Court to address the issue. *Id.*

On January 20, 2026, the Court held a status conference with the parties to address the issue. DE 28. After the hearing, the Court ordered Plaintiff to respond to all of the outstanding discovery by February 6, 2026. Once again, Plaintiff did not respond to the discovery. Given this failure to abide by the Court's Order, the Court issued an Order to Show Cause as to why he should not be sanctioned for this continued failure to participate in discovery or abide by the Court's Orders. On March 3, 2026, the Court held a show cause hearing where Plaintiff's counsel again reiterated that she had not been able to communicate with her client. DE 32. At the conclusion of the hearing, the Court gave Plaintiff one final opportunity to respond to the written discovery that had been outstanding for six months no later than March 13, 2026. *Id.* The Court's Order specifically stated that if Plaintiff failed to respond by that deadline, "the Court will recommend sanctions up to and including dismissal of this lawsuit." *Id.* Plaintiff once again did not respond. This joint motion to dismiss followed on March 19, 2026. DE 33.

## Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action, upon motion, "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "Before the district court imposes a Rule 41(b) dismissal, it must consider five factors: 1) whether the wrongdoer (or her counsel) received 'due warning' that such a sanction was a possibility; 2) the frequency and

magnitude of the wrongdoer's failure to comply with deadlines and other court orders; 3) the efficacy of less severe sanctions; 4) whether the misconduct prejudiced the other party or other litigants on the court's docket; and 5) the likely merits of the wrongdoer's case." *Graham v. Schomaker*, 215 F.3d 1329, at \*4 (7th Cir. 2000) (citing *Ball v. City of Chicago*, 2 F.3d 752, 755-58 (7th Cir. 1993)). "In ruling on a Rule 41(b) motion, the court must take an unbiased view of all the evidence, direct and circumstantial, and accord it such weight as the court believes it is entitled to receive." *Sanders v. Gen. Servs. Admin.*, 707 F.2d 969, 971 (7th Cir. 1983) (citing *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 487 (7th Cir. 1980)), A Rule 41(b) dismissal is a "drastic remedy," *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 953 (7th Cir. 2000) and a "harsh sanction" that should "be employed only as a last resort." *Rice v. City of Chicago*, 333 F.3d 780, 786 (7th Cir. 2003).

Here, all five factors weight in favor of dismissal. First, Plaintiff was explicitly warned in the Court's last Order that dismissal was a possibility. DE 32 ("Plaintiff is ORDERED to respond to all outstanding discovery by 3/13/2026 or the Court will recommend sanctions up to and including dismissal of this lawsuit."). Second, that was not the Court's first order to provide long overdue discovery responses. *See* DE 29. Third, given that this case has not progressed beyond the very initial stages of discovery and Plaintiff's apparent inability to communicate with his attorney, lesser sanctions would be of dubious efficacy. Fourth, Defendants have been prejudiced because without discovery to understand Plaintiff's allegations, they are unable to mount an effective defense. Fifth, while Plaintiff's complaint raises serious

allegations of civil rights violations, they are as of now nothing more than allegations because of Plaintiff's failure to participate in discovery to generate potentially admissibility evidence.

### Conclusion

Accordingly, the Court **RECOMMENDS** that District Court Judge James T. Moody **GRANT** Defendants' Joint Motion for Dismissal [DE 33] and **DISMISS** this case for failure to comply with the Court's Orders, DE 28 and 32, to respond to discovery.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. Failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. 28 U.S.C. § 636(b)(1); *Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 516 (7th Cir. 2007); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

So ORDERED this 9th day of April 2026.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT